UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JERNOW, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>      Defendant. | No. 07 Civ. 3971 (LTS) (THK) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused true and correct copies of the foregoing Initial Conference Order, Judge Laura Taylor Swain's Individual Practices, USDC/SDNY 3d Amended Instructions for Filing an Electronic Case or Appeal, USDC/SDNY Procedures for Electronic Case Filing and USDC/SDNY Guidelines for Electronic Case Filing to be served upon the following via Federal Express on this 31st day of May, 2007:

    Lisa Camarill
    Managing Agent
    Wendy's International, Inc.
    One Dave Thomas Blvd.
    Dublin, Ohio 43017

Dated: May 31, 2007
  New York, New York

         _____
         Rebecca Tingey
         DREIER LLP
         499 Park Avenue
         New York, New York 10022
         212.328.6100

Case 1:07-cv-03971-LTS    Document 3    Filed 05/30/20 USDC SDNY 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 3 0 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Adam Jernow,

                              Plaintiff(s),

          -against-

Wendy's International, Inc.,

                              Defendant(s).

No. 07 Civ. 3971 (LTS)(THK)
INITIAL CONFERENCE ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.    It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter on **August 30, 2007 at 10:00 a.m.** in Courtroom No. 17C[1], Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.  It is further

2.    ORDERED that counsel[2] for plaintiff(s) shall serve a copy of this Initial Conference Order on each defendant within ten (10) calendar days following the date of this order, and that a copy of this Initial Conference Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly.  It is further

3.    ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

   a.    Facts that are not disputed and facts that are in dispute.
   b.    Contested and uncontested legal issues.
   c.    The disclosures required by Fed. R. Civ. P. 26(a)(1).
   d.    Anticipated amendments to the pleadings, and an appropriate deadline therefor.
   e.    Settlement.
   f.    Whether mediation might facilitate resolution of the case.
   g.    Whether the case is to be tried to a jury.
   h.    Whether each party consents to trial of the case by a magistrate judge.
   i.    Anticipated discovery, including discovery of electronically stored information and procedures relevant thereto,  and an appropriate deadline for the conclusion of discovery.
   j.    Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.
   k.    Whether dispositive motions may be appropriate, and a deadline for such motions.

---

[1]    On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2]    As used in this Order, the term "counsel" shall,  in the case of an individual party who is proceeding Pro-se, mean such party.

l.    Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

It is further

4.    ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 1 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

a.    A concise statement of the nature of this action.
b.    A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
c.    A concise statement of all material uncontested or admitted facts.
d.    A concise statement of all uncontested legal issues.
e.    A concise statement of all legal issues to be decided by the Court.
f.    Each party's concise statement of material disputed facts.
g.    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.
h.    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.
i.    A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.
j.    Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.
k.    A statement as to whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
l.    What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.
m.    The subjects on which disclosure may be needed and a proposed discovery cut-off date.
n.    Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.
o.    What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.
p.    The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r.    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

5.    ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor. It is further

6.    ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

7.    In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

8.    This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

IT IS SO ORDERED.

Dated:  New York, New York
        May 30, 2007

LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDIVIDUAL PRACTICES OF JUDGE LAURA TAYLOR SWAIN

*The following Individual Practices Rules apply to all civil and criminal matters pending before Judge Swain on and after August 25, 2005.*

Unless otherwise ordered by Judge Swain, matters before Judge Swain shall be conducted in accordance with the following practices:

## 1.    Communications with Chambers

**A. Letters.** Except as otherwise provided below, communications with Chambers shall be by letter, with copies delivered simultaneously to all counsel. All correspondence must be labeled with the name and docket number of the case, the Judge's initials (LTS), and (for civil cases) the Magistrate Judge's initials. Copies of correspondence between counsel shall not be sent to the Court. Prior to requesting judicial action, the requesting counsel shall consult with all other parties in an effort to obtain their consent to the request. The letter to the Court shall confirm that such effort has been made and shall indicate whether the request is being made on consent. See also Paragraph 2.B. below.

**B. Telephone Calls.** Except as provided in Paragraph D. below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call Chambers at (212) 805-0417.

**C. Faxes.** Faxes to Chambers are permitted only if copies are also faxed or delivered simultaneously to all counsel. No document longer than five (5) pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is (212) 805-0426.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Mrs. Barbara Durocher at (212) 805-0424.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing, with copies to all other counsel and/or unrepresented parties, and must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. *If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.* If the request is for an adjournment of a court appearance, absent an emergency it must be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-motion conferences in civil cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required. *Compliance with the certification requirement of Paragraph B. below is, however, required for all motions, whether discovery-related or not.*

**B. Informal efforts to resolve issues required.** In civil cases, prior to making a motion of any type, and prior to requesting a conference on any discovery issues, the parties shall use their best efforts to resolve informally the matters in controversy. Such efforts shall include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters. If a motion or a discovery conference request remains necessary, the notice of motion or written discovery conference request must include a separate paragraph certifying in clear terms that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission.

**C. Motions for default judgments.** A party wishing to obtain a default judgment shall notify the Court by letter (copied to the party against which a default judgment is to be sought) of its desire to seek a default judgment. The Court will direct the party as to whether evidentiary submissions will be required in connection with the motion. Default judgments will be granted only upon written motion with notice to Defendant(s) and their counsel, if known. Copies of the Clerk's Certificate, and of proof of service of the Summons and Complaint and the Motion for Default Judgment, shall be attached to the Motion for Default Judgment.

**D. Motions for withdrawal or displacement of attorney of record in civil matters.** An attorney who has appeared as attorney of record for a party in a civil matter may be relieved or displaced in accordance with Local Civil Rule 1.4. A motion pursuant to Local Civil Rule 1.4 must be accompanied by (a) an affidavit of the applicant attorney's client, confirming the client's consent to the withdrawal, displacement, substitution or other change in representation or (b) in the absence of such consent, proof of service of the motion on the client.

**E. Evidentiary support.** Evidentiary support, in admissible form, of all factual assertions relied upon in support of or in opposition to a motion shall be filed and served with the moving or opposition papers, as the case may be. Recitals in notices of motion, attorneys' affirmations, assertions of material factual matters "on information and belief" and the like are generally insufficient to establish factual matters.

**F. Briefing.** Unless otherwise directed by the Court in the particular case, motions in civil cases shall be briefed in accordance with the schedule set forth in Local Civil Rule 6.1, and motions in criminal cases shall be briefed in accordance with Local Criminal Rule 12.1.

**G. Courtesy copies.** Except as provided in Paragraph 5.C.2. below, one set of courtesy copies of all pleadings and motion papers, marked as such, shall be submitted to the Court's mail receiving facility, for Chambers, as soon as practicable after filing.

**H. Memoranda of law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited

to 10 pages.  Memoranda shall be printed or typed in a 12-point or larger font and shall have side and top margins of at least one inch.  Memoranda of 10 pages or more shall contain a table of contents.

      **I. Filing of motion papers.**  Motion papers shall be filed promptly after service.

      **J. Oral argument and evidentiary proceedings on motions.**  Parties may request oral argument and/or indicate the need for an evidentiary hearing at the time their moving, opposing or reply papers are filed, by including a conspicuous notation of the request on the cover page of the relevant paper.  The Court will determine whether argument will be heard and/or whether an evidentiary proceeding is required to resolve disputed factual issues and, if it determines that such an argument or proceeding is necessary, will advise counsel of the relevant date.

## 3.  Pretrial Procedures - Civil Cases

      **A. Joint pretrial statement.**  A joint pretrial statement shall be filed, and other materials submitted, in accordance with the Pre-Trial Scheduling Order entered in the particular case.

## 4.  Proposed Orders and Judgments

      **A. Submission of proposed orders and judgments.**  All proposed orders and judgments, including stipulations to be "so-ordered," shall be submitted first to the Orders and Judgments Clerk at 500 Pearl Street or in the manner required by the Court's Electronic Case Filing Procedures, for approval as to form before being submitted for Chambers.

## 5. Criminal Matters

      **A.**      **Initial pre-trial conference.**  The Assistant U.S. Attorney shall contact Chambers as soon as possible after the case is assigned to Judge Swain.  The Assistant shall provide all pertinent information to Chambers, including a faxed copy of the information/indictment.  The Courtroom Deputy will set up a conference/arraignment.

      **B.**      **Substitution of counsel.**  When there is a substitution of defense counsel, counsel of record must contact Mrs. Durocher (the Courtroom Deputy) to schedule a conference.  At the conference, the Court will address the application by defense counsel to be relieved.  The defendant, counsel of record, the proposed replacement counsel, and the Assistant United States Attorney must all attend the conference.

      **C.**      **Motions in criminal cases.**

        **1.**      Counsel are expected to comply with Local Criminal Rule 16.1.  Any motion described in that Rule must include a Rule 16.1 affidavit.

        **2.**      Counsel shall provide two courtesy copies of all motion papers to Chambers.  The memoranda of law should also be provided to the Court on a 3.5" diskette or CD in WordPerfect version 6 or higher format.

        **3.**      Except for good cause shown, all motions *in limine* shall be interposed so as to permit full briefing prior to the final pretrial conference date.

**D.    Pleas.**  The plea agreement or <u>Pimentel</u> letter must be provided to Chambers at least <u>two</u> full business days before the time set for the conference at which the disposition is to be addressed.  Defense counsel are expected to have reviewed any plea, cooperation, or other agreement, as well as any Advice of Rights form provided to counsel by the Court – with the assistance of an interpreter, if necessary – with the defendant <u>prior</u> to the time set for the conference with the Court.

**E.    Sentencing.**

**1.**    Any request for adjournment of a sentencing shall be made in writing as early as possible, but no later than <u>three</u> business days before the date at issue.  Such requests should state whether opposing counsel consents.

**2.**    All submissions and applications with respect to a sentencing shall be served and submitted to the Court in sufficient time to ensure that the Court has received all such papers <u>and all responses thereto</u> no later than seven (7) days prior to the sentencing.

J. MICHAEL McMAHON
CLERK OF COURT

## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at **www.nysd.uscourts.gov** Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain * |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan * | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   **ECF Wave 1 Judge,** assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  **ECF Wave 2 Judge,** assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* **ECF Wave 3 Judge,** assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)    Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)    *Important* - **In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):**

   **(a) The assigned Judge's Individual Rules**
   **(b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)**
   **(c) USDC/SDNY Procedures for Electronic Case Filing**
   **(d) USDC/SDNY Guidelines for Electronic Case Filing.**

(3)    <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

   **(a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to**

   **case_openings@nysd.uscourts.gov**

   **(b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to**

   **wpclerk@nysd.uscourts.gov**

**(4)** File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

  **(a)** electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
  **(b)** file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

**(5)** All subsequent documents, including the Defendant's Answer, <u>must be filed electronically</u> on the ECF system at **ecf.nysd.uscourts.gov**. Electronic filing involves using your ECF password to docket the item directly into the ECF system. <u>Electronic filing is not the same as email to the Clerk.</u> Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

**(6)** Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

  **(a)** For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

   **appeals@nysd.uscourts.gov**

  **(b)** For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

   **wpclerk@nysd.uscourts.gov**

**(7)** Follow all the rules for Electronic Case Filing (available at <u>www.nysd.uscourts.gov</u>):

  **(a)** SDNY Procedures for Electronic Case Filing          **(d)** Local Rules of this Court, and
  **(b)** SDNY Guidelines for Electronic Case Filing          **(e)** Federal Rules of Civil Procedure
  **(c)** Individual Rules of the Assigned Judge

## ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓ Click on the "<u>CM-ECF</u>" page for the official ECF filing rules, training information, computer requirements, and more.

✓ Attorneys should use the "<u>Attorney Registration</u>" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓ Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓ Electronically file documents in ECF cases over the Internet at **ecf.nysd.uscourts.gov**

✓ Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓ The **ECF Help Desk** is available to answer your ECF questions from 8:30 AM to 7:00 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at **help_desk@nysd.uscourts.gov**

**WWW.NYSD.USCOURTS.GOV**

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

(a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c) Electronic filing procedures shall not apply to Social Security Cases.

(d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

(a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

     (b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

     (c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

     (d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

     (e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

     (a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

     (b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c)  Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d)  Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a)  All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b)  A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document.  A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.  In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

**8. Signatures**

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

**9. Service of Documents by Electronic Means**

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

**10. Notice of Court Orders and Judgments**

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

**11. Technical Failures**

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

**12. Public Access**

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV

CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at **www.nysd.uscourts.gov**

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at **www.nysd.uscourts.gov**

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to **http://ecf.nysd.uscourts.gov** If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to **https://ecf.nysd.uscourts.gov** Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be <u>completed</u> before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: **case_openings@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at **www.nysd.uscourts.gov**

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No. For all other electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

**Q. How do I file a proposed order, judgment or stipulation?**

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file an Order to Show Cause?**

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file a default judgment?**

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I submit a letter?**

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

**Q. Will sealed documents be filed electronically?**

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

  For cases assigned to a Manhattan Judge: **appeals@nysd.uscourts.gov**

  For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to **help_desk@nysd.uscourts.gov**

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.  Go to **www.nysd.uscourts.gov**