# AKIN GUMP
# STRAUSS HAUER & FELD LLP
### Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED AUG 2 2 2007

CHERYL A. FALVEY
202.887.4318/fax: 202.887.4288
cfalvey@akingump.com

August 1, 2007

<u>Via Facsimile (212) 805-0426</u>

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re:  *Jernow v. Wendy's International, Inc.*
     *United States District Court for the Southern District of New York*
     *(07 Civ. 3971) (LTS) (THK)*

Dear Judge Swain:

    Wendy's International, Inc. ("Wendy's") respectfully requests that the Court postpone the initial pre-trial conference currently scheduled for August 30, 2007 at 10:00 a.m., and the associated tasks set forth in the Court's Initial Conference Order dated May 30, 2007, until the Court has resolved Wendy's pending motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Wendy's has not previously requested a postponement of the initial pre-trial conference.

    A stay of the pre-trial conference in this putative consumer class action is warranted because the conference will be unnecessary if Wendy's motion to dismiss is granted. The parties have stipulated that Plaintiff will file its response to the motion to dismiss on August 29, 2007, and Wendy's will file any necessary reply by September 28, 2007. Given the strong arguments set forth in Wendy's motion that Plaintiff has not and cannot state a valid basis for relief, it would be an unnecessary expenditure of resources for the parties to prepare for, and for the Court to hold, the pre-trial conference. The complexity and expense associated with class actions heighten the potential prejudice to Wendy's, in terms of cost and burden, of requiring it to proceed with the initial stages of discovery and case planning only to have the case dismissed in its entirety thereafter. Granting this request would cause no prejudice to Plaintiff because, in the event the Court denies Wendy's dispositive motion, the pre-trial conference can be easily rescheduled. If the Court grants this request, the date of the parties' preliminary conference and the due date for the parties' preliminary pre-trial statement will need to be re-set. A proposed Order is attached hereto.

**AKIN GUMP**
**STRAUSS HAUER & FELD LLP**
Attorneys at Law

August 1, 2007
Page 2

      Pursuant to Paragraphs 1.A and 1.E of your Individual Practices, Wendy's has consulted with Plaintiff's counsel regarding this request, and Plaintiff's counsel has advised that Plaintiff does not consent to the postponement because, according to Plaintiff's counsel, the motion to dismiss filed by Wendy's is without merit and, therefore, neither the initial pre-trial conference nor discovery should be delayed.

      If the Court requires any additional information on this matter, we stand ready to provide it.

Sincerely,

Cheryl A. Falvey

Cc:   Michael R. Reese, Esquire
      Seth A. Safier, Esquire
      Lee A. Weis, Esquire

The initial conference is adjourned to November 16, 2007, at 11:00AM.

SO ORDERED.

_____ 8/20/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE