AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 872-4000
Cheryl A. Falvey (CA-2074)
Thomas P. McLish
Troy D. Cahill
*Attorneys for Defendant Wendy's International, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JERNOW, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  -against -<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>      Defendant. | Case No. 07-Civ-3971 (LTS) (THK)<br><br>Hon. Laura Taylor Swain |

**WENDY'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i
INTRODUCTION ......................................................................................................................... 1
ARGUMENT ................................................................................................................................. 1
I.  JERNOW'S OPPOSITION IGNORES *TWOMBLY* AND MIS-STATES THE
    APPLICABLE PLEADING STANDARD ......................................................................... 1
II. THE AMENDED COMPLAINT FAILS TO ALLEGE "ACTUAL INJURY" AS
    REQUIRED BY § 349 ........................................................................................................ 2
III. THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR
    BREACH OF IMPLIED-IN-FACT CONTRACT .............................................................. 6
    A.  The Amended Complaint Fails To Allege A Meeting Of The Minds Or
        Mutual Assent Necessary To Support An Implied-In-Fact Contract ...................... 6
    B.  The Amended Complaint Fails To Allege A Breach Of The Alleged
        Contract .................................................................................................................... 8
    C.  The Amended Complaint Does Not Properly Allege Damages As A
        Result Of The Alleged Breach ................................................................................. 8
IV. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST
    ENRICHMENT ................................................................................................................... 9
CONCLUSION ............................................................................................................................ 10

Defendant Wendy's International, Inc. ("Wendy's"), by and through undersigned counsel, hereby submits this reply in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint ("Amended Complaint") filed by Plaintiff Adam Jernow ("Jernow").

## INTRODUCTION

Jernow's Opposition to Wendy's Motion to Dismiss the Amended Complaint ("Jernow's Opposition") relies on an inapplicable legal standard and inapposite caselaw in an effort to obscure and camouflage the fatal flaws in his claims. The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. ___, 127 S.Ct. 1955, 1969 (2007), rejected the pleading standard Jernow cites to this Court. Application of the correct standard requires dismissal of Jernow's Amended Complaint. Jernow's § 349 claim cannot survive because it fails to allege sufficient facts to establish the required actual injury. Jernow's breach of implied-in-fact contract claim fails to adequately allege a meeting of the minds or mutual assent and has not alleged sufficient facts to show that Wendy's breached the alleged contract or that Jernow was damaged. Lastly, because Jernow has not alleged facts to support a finding that Wendy's obtained any benefit at his expense without providing adequate compensation, the claim for unjust enrichment must also be dismissed. For all these reasons, the Amended Complaint should be dismissed with prejudice and without leave to amend.

## ARGUMENT

**I.    JERNOW'S OPPOSITION IGNORES *TWOMBLY* AND MIS-STATES THE APPLICABLE PLEADING STANDARD**

Jernow's Opposition relies on a standard that no longer governs in the context of a motion to dismiss pursuant to Rule 12(b)(6). *Compare* Jernow's Opp'n at p. 5 ("[A] court may not dismiss a complaint unless it appears beyond doubt . . . that the plaintiff can prove no set of

1

facts which would entitle him to relief.") *with Twombly,* 127 S.Ct. at 1969 (the "no set of facts" standard relied upon by Jernow "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

In *Twombly*, the Supreme Court reconfigured the landscape for deciding a defendant's motion to dismiss, and applied "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007). In reaching this conclusion, the *Twombly* Court focused on the expense of litigating a massive antitrust class action; relied on its decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005), which focused on the expense of litigating a securities class action; and emphasized the inadequacy of judicial oversight of discovery costs. *Twombly*, 127 S.Ct. at 1966-67. The concerns that gave rise to the *Twombly* Court's holding that Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief, are implicated in this case – a purported class action threatening expensive and burdensome discovery despite lacking adequate evidentiary support.[1] Because Jernow has not "nudged [any of his] claims across the line from conceivable to plausible, [the Amended] complaint must be dismissed." *Id.* at 1974.

## II. THE AMENDED COMPLAINT FAILS TO ALLEGE "ACTUAL INJURY" AS REQUIRED BY § 349

Wendy's Memorandum in Support of the Motion to Dismiss demonstrated that the Amended Complaint fails to state a § 349 claim because it fails to adequately allege: (1) actual injury; (2) causation; or (3) any actionable misrepresentation. *See* Wendy's Mem. In Supp. of Mot. to Dismiss at 5-13. Jernow responds only to Wendy's "actual injury" argument. *See*

---

[1] The Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 n.2 (2d Cir. 2007).

2

Jernow's Opp'n at 6-9. He completely fails to explain how the Amended Complaint meets the "causation" requirement, given that it does not allege any facts showing a causal relationship between the alleged misrepresentations and Jernow's purchase decision or any injury. Jernow also fails to explain how the Amended Complaint could be found to have sufficiently alleged an actionable misrepresentation, given that his own allegations demonstrate that Jernow knew or should have known that the level of trans fat in Wendy's French fries is variable. For these reasons alone, the § 349 claim should be dismissed.

Jernow's argument that he sufficiently alleged "actual injury" is also wrong. According to Jernow, he was injured because: (1) he "paid a premium for Wendy's food products that Wendy's misrepresented as being trans-fat free"; and (2) he "unknowingly ingest[ed] dangerous levels of trans-fats." Jernow's Opp'n at 7.

First, the Amended Complaint is devoid of any factual allegations to support a conclusion that Wendy's representations regarding trans fat levels in its French fries and chicken products resulted in Wendy's charging a premium. The only support Jernow offers is a bare reference to an article that appeared on www.Forbes.com on January 15, 2002 – <u>more than four years before the events in question</u>. *See* Amended Compl. at ¶ 12. The article says nothing at all about the effect of trans fats on food pricing and, in fact, says nothing about trans fats at all.[2] If such a speculative, unsupported assertion of injury is sufficient, then it is hard to imagine any putative plaintiff being unable to allege an injury for purposes of a § 349 claim. As such, the allegations of the Amended Complaint regarding a "premium" fail to nudge this alleged injury "across the line from conceivable to plausible" and are inadequate. *Twombly,* 127 S.Ct. at 1974.

---

[2] That Jernow's original complaint said nothing about any alleged "premium," and he only added the "premium" allegation as an afterthought to stave off dismissal, shows that it is an allegation of convenience, not substance.

3

Second, Jernow's contention that he unknowingly ingested dangerous levels of trans fat is not an allegation of injury because he makes no allegation of any physical manifestation of harm from his alleged ingestion of trans fat. In short, with regard to any alleged "actual injury," the Amended Complaint is, as a matter of law, inadequate. *See Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,* 32 F.3d 690, 697 (2d Cir. 1994) (dismissing § 349 claim because plaintiff "failed to show that it suffered any injury as a result of . . . advertisements"); *Fiederlein v. New York City Health & Hospitals Corp.,* 56 N.Y.2d 573, 574, 450 N.Y.S.2d 181, 182 (1982) ("Mere conjecture, surmise or speculation is not enough to sustain a claim for damages.").

Jernow's reliance on *Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005) (referred to as *Pelman III*) is unavailing. *See* Jernow's Opp'n at 8. *Pelman III* is inapposite to Jernow's "premium" argument as the plaintiffs in *Pelman III* did not allege a "premium" theory of injury. Moreover, unlike Jernow, the plaintiffs in *Pelman III* expressly alleged that their frequent consumption of McDonald's food caused physical injury and illness. *Id.* at 510. Accordingly, *Pelman III* does nothing to rescue Jernow's § 349 claim.

Jernow also claims that *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 720 N.E.2d 892 (N.Y. 1999), "holds that a plaintiff can state a claim if she alleges that deception allowed defendant to charge an inflated price for the product." Jernow's Opp'n at 8 (citing *Small*, 720 N.E.2d at 898 n.5). *Small* held no such thing, as the footnote cited by Jernow makes clear. *Small*, 720 N.E.2d at 898 n.5 ("Plaintiffs [did] not contend that the deception here caused an inflated price."). Jernow also cites *Cox v. Microsoft Corp.*, 10 Misc.3d 1055(A) (N.Y. Sup. Ct. 2005), but that decision contradicts Jernow's argument, supports Wendy's position, and mandates dismissal of Jernow's § 349 claim. In *Cox*, the plaintiffs alleged specific facts establishing that Microsoft had charged a premium for its products as a result of its deceptive

4

actions. Specifically, the *Cox* plaintiffs showed that a federal court had already ruled that the deceptive practices at issue had allowed Microsoft to charge a premium. *See United States v. Microsoft Corp.*, 84 F. Supp. 2d. 9, 26-27 (D.D.C. 1999) (finding that Microsoft engaged in certain inflationary pricing conduct as a result of deceptive practices) and *Cox*, 10 Misc.3d at *1 and *5 (relying on same). Jernow, in stark contrast, has neither alleged facts to support a finding that Wendy's charged any sort of premium nor alleged facts to support that any such premium was related to the alleged deception. In the absence of non-conclusory, factual allegations that Wendy's charged and Jernow paid a premium as a result of Wendy's representations regarding trans fats, Jernow has not alleged sufficient facts to establish the required actual injury to support his § 349 claim.

Jernow's reliance on the line of "failing to deliver as promised" cases is similarly misplaced. *See* Jernow's Opp'n at 9. First, Jernow's contention that because he was deceived he is entitled recover the entire amount of his purchase is simply a gloss on the "deception as injury" theory that was asserted in his original complaint and previously rejected by the Court of Appeals of New York in *Small*. Second, although Jernow contends that each of the cited cases stands for the proposition that under § 349 "the price of the product is . . . recoverable in its entirety." Jernow's Opp'n at 9. This representation distorts the holdings of the cases cited and, in fact, is unsupported or plainly contradicted by those cases.[3]

---

[3] The first case cited by Jernow makes no mention of the manner in which the restitution awarded pursuant to § 349 should be calculated. *See People ex rel. Vacco v. Lipsitz*, 174 Misc.2d 571, 584 (N.Y. Sup. Ct. 1997) (awarding restitution but deferring the determination of the manner of the accounting). The second decision cited by Jernow contradicts his assertion that damages under § 349 equal the price of the non-conforming product and, instead, makes clear that only "actual damages" are recoverable under § 349. *See Tate v. Fuccillo Ford, Inc.*, 15 Misc.3d 453, 457-58 (City Ct. 2007) (awarding actual damages in the amount of the overcharge plus sales tax). The remaining two cases cited by Jernow did not calculate any "actual damages"

For all these reasons, as well as the reasons set forth in the Memorandum in Support of the Motion to Dismiss, the Amended Complaint fails to state a claim for deceptive sales practices under N.Y. Gen. Bus. § 349.

## III. THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF IMPLIED-IN-FACT CONTRACT

### A. The Amended Complaint Fails To Allege A Meeting Of The Minds Or Mutual Assent Necessary To Support An Implied-In-Fact Contract

Jernow's contention that the advertisements in this case amounted to "offers" is wholly unsupported by the law. Indeed, the cases cited by Jernow, do not arise under New York law and, in any event, adhere to the general rule that an advertisement is an offer in only "very narrow and limited" instances in which "the offer is clear, definite, and explicit, and leaves nothing open for negotiation." *See* Jernow's Opp'n at 11 (citing *Chang v. First Colonial Sav. Bank*, 410 S.E.2d 928, 930 (Va. 1991), which held that an advertisement was an offer where the advertisement contained all of the terms of the agreement and left nothing open for negotiation). Unlike *Chang* and the other cases cited by Jernow, neither the June 8, 2006 press release nor the nutritional information display relied upon by Jernow provides a clear, definite, and explicit statement of all of the terms of the purported agreement. Because the advertisements cited by Jernow leave the price term, among others, to be negotiated later, they, as a matter of law, cannot constitute binding offers.

Jernow also tries to recast his claim by arguing, in direct contradiction of the allegations of the Amended Complaint – *see* ¶ 33 ("Wendy's, through its labeling, advertising and marketing of fried food products, made uniform representations and offers . . . .") and ¶ 34 ("Plaintiff . . . accepted Wendy's offer . . . .") – that the alleged contract was formed "when Wendy's accepted

---

under § 349. *See Griffin-Amiel v. Frank Terris Orchestras*, 178 Misc.2d 71, 78-79 (City Ct. 1998) and *Rossi v. 21st Century Concepts, Inc.*, 162 Misc.2d 932, 939-40 (City Ct. 1994).

[Jernow's] offer of consideration for food products that defendant represented would have zero, or nominal, trans-fats." Jernow's Opp'n at 12.

In addition to contradicting his own allegations, Jernow's fluid theory of contract formation illustrates the fatal uncertainty of this alleged contract. Moreover, the nutritional information display, which Jernow claims to have relied upon and admits is displayed prominently at the point of purchase, *see* Amended Compl. at ¶ 15, plainly contradicts the existence of a meeting of the minds regarding the level of trans fat because it states expressly that variations may occur in the nutritional profile, including trans fat content, of menu items.[4] When, as in this case, the facts alleged in the Amended Complaint unequivocally show that the defendant and the plaintiff differed in their view of the material terms of the alleged agreement at the time the contract was allegedly formed, there can be no meeting of the minds or mutual assent to support a binding contract. For these reasons and those stated in Wendy's Memorandum in Support of the Motion to Dismiss, the claim for breach of implied-in-fact contract should be dismissed. *See Scott v. Bell Atlantic Corp.*, 282 A.D.2d 180, 185, 726 N.Y.S.2d 60, 64 (N.Y. App. Div. 2001) (dismissing breach of contract claim because no reasonably prudent consumer would rely on the alleged representations in the face of conspicuous disclamations concerning the quality or characteristics of the service or product).

---

[4] Jernow contends that the disclaimer is not set forth on the nutritional poster. *See* Jernow's Opp'n at 13 n.5 and 14. The disclaimer is prominently set forth on the nutritional poster in black text on a gold background and bordered in red. The disclaimer is conspicuous and stands in stark contrast to the presentation of other information on the nutritional poster. A complete copy of the nutritional display poster relied upon in the Amended Complaint is attached as Exhibit A to the Notice of Motion to Dismiss provided to counsel for Jernow via e-mail and provided to the Court via hard copy in accordance with Judge Swain's individual practices. It appears, however, that due to a scanning malfunction, the copy uploaded to the Court's ECF system is incomplete. To correct any confusion caused by the scanning error, a Corrected Declaration regarding the exhibits in support of the motion to dismiss is being filed contemporaneously with this reply.

**B.     The Amended Complaint Fails To Allege A Breach Of The Alleged Contract**

Jernow does not address the fundamental fact that the Amended Complaint lacks any factual allegations or evidence relating to the nutritional profile, including the level of trans fat, of any food <u>actually</u> purchased and consumed by Jernow. In the lone instance in which Jernow's Amended Complaint sets forth the trans fat profile of any Wendy's food product, the Amended Complaint does not allege that Jernow ate that food, or even that he purchased it. Amended Compl. at ¶ 17. Thus, despite seeking an award of damages for breach of an alleged contract, Jernow fails to provide any factual allegations showing that Wendy's actually breached the alleged contract. Moreover, contrary to Jernow's contention otherwise, whether the amount of trans fat in the French fries is "nominal" is a mixed question of law and fact properly determined by the court for purposes of this motion. Given that the Consumer Reports study cited and relied upon by Jernow notes that nutrition experts identify a daily intake of 20 grams of trans fat and saturated fat as acceptable on a standard 2,000-calorie diet, the 1.3 grams contained in the French fries allegedly purchased by Jernow is, under any definition of the word, nominal. For all these reasons, the Amended Complaint fails to allege a breach of the alleged contract.

**C.     The Amended Complaint Does Not Properly Allege Damages As A Result Of The Alleged Breach**

Jernow contends that his general and vague allegation of damages is sufficient to withstand a motion to dismiss. Jernow's Opp'n at 17. This contention is plainly refuted by the authorities cited by Wendy's in its Memorandum in Support of the Motion to Dismiss. *See* Mem. In Supp. of Mot. to Dismiss at 19-20. Moreover, close review of the two cases cited by Jernow shows that neither case supports his position. First, Jernow's reliance on *Champion Home Builders Co. v. ADT Security Services, Inc.*, 179 F. Supp. 2d 16, 28 (N.D.N.Y. 2002), is misplaced because that opinion does not reveal the plaintiff's actual damages allegations.

8

Moreover, the adequacy of the damages allegations was not at issue; instead, the defendant sought dismissal on the grounds that the claim was barred by a limitation of liability clause in the contract. *Id.* at 22. Second, Jernow's reliance on *O'Rourke v. American Kennels*, 7 Misc.3d 1018(A) is also misplaced. The adequacy of the damages allegations in the complaint was not examined in that case. Moreover, the decision makes clear that the record included evidence showing the amount the plaintiff overpaid as a result of the alleged misrepresentation. As already established in Section II *supra*, the Amended Complaint is bereft of any factual allegations to support a finding that Jernow paid any premium or that any such premium was related to the alleged deceptive conduct. For all these reasons, the claim for breach of contract should be dismissed. *See Twombly*, 550 U.S. at ____, 127 S. Ct. at 1964-65 (to survive a motion to dismiss, a plaintiff must provide more than conclusions and formulaic recitations of the elements of a cause of action).

## IV.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Unjust enrichment is not a catch-all claim for anyone who believes that another has acted unjustly. *See Shady Records, Inc. v. Source Enterprises, Inc.*, 351 F. Supp. 2d 74, 78 (S.D.N.Y. 2004). Rather, it is a specific equitable cause of action that can be asserted only when one party, in the absence of contract, receives a benefit at the expense of another *without* providing adequate compensation, and equity and good conscience require restitution. *Id.* (emphasis added).

In this case, the only benefit Jernow alleges bestowing upon Wendy's is the purchase price for certain food. Wendy's, however, provided adequate compensation to Jernow in the form of the food he received in exchange for payment. Because there are no facts to support a finding that Wendy's charged any sort of premium or that any such premium was related to the

9

trans fat content of the food, Jernow has not alleged that Wendy's received any benefit at his expense. For all these reasons, the unjust enrichment claim should be dismissed. *See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.,* 196 F. Supp. 2d 378, 387 (S.D.N.Y. 2002) (dismissing unjust enrichment claim because the counterclaimant received the service it paid for).

## **CONCLUSION**

For the foregoing reasons, Wendy's respectfully requests that the Court dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief may be granted.[5]

Dated: September 28, 2007
       New York, New York

Respectfully submitted,

By:     /s/
AKIN GUMP STRAUSS HAUER & FELD LLP
Cheryl A. Falvey (CA-2074)
Thomas P. McLish
Troy D. Cahill
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)

*Attorneys for Defendant Wendy's International, Inc.*

---

[5] Jernow suggests that, despite having amended his complaint already, he be afforded a third opportunity to plead his claims. *See* Jernow's Opp'n at 20 n.11. Jernow has not, however, identified any facts that he would or could allege in good faith that would address the shortcomings in the Amended Complaint. Rather, it appears that there is no set of facts which Jernow could allege to survive a subsequent motion to dismiss. The request for leave to amend should be denied. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 168 (2d Cir. 2003) (concluding district court did not abuse discretion in denying leave to amend "because there was 'a repeated failure to cure deficiencies by amendments previously allowed' " (citation omitted)); *see also Rozsa v. May Davis Group, Inc.,* 187 F. Supp. 2d 123, 132 (S.D.N.Y. 2002) (dismissing action "without leave to replead" where plaintiff failed in his "second effort to state a claim").

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Reply Memorandum In Support Of Motion To Dismiss to be served this 28th day of September, 2007, by ECF Notification to the following persons:

Michael R. Reese
Kim E. Richman
Gutride Safier Reese LLP
230 Park Avenue, Suite 963
New York, NY 10169

Seth A. Safier
Gutride Safier Reese LLP
835 Douglas Street
San Francisco, CA 94114

Lee A. Weiss
Rebecca Tingey
Dreier LLP
499 Park Avenue
New York, NY 10022

COUNSEL FOR PLAINTIFF

_____/s/_____
Cheryl A. Falvey