**GUTRIDE SAFIER REESE LLP**
Michael R. Reese
Kim E. Richman
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: (212) 579-4625
Facsimile: (212) 253-4272

**DREIER LLP**
Lee A. Weiss
Rebecca Tingey
499 Park Avenue
New York, New York 10022
Telephone: (212) 652-3821
Facsimile: (212) 328-6101

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JERNOW, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against -<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 07-CV-3971 (LTS) (THK)<br><br>Hon. Laura Taylor Swain<br><br>**JOINT PRELIMINARY PRE-TRIAL STATEMENT** |

Plaintiff Adam Jernow and Defendant Wendy's International, Inc. ("Wendy's") through their respective counsel, submit this Preliminary Pre-Trial Statement in accordance with paragraphs 3 and 4 of the Initial Conference Order dated May 30, 2007, as well as Fed. R. Civ. P. 26(f).

A.  **A Concise Statement Of The Nature Of This Action.**

This is a proposed class action against Wendy's for allegedly misleading consumers about the level of trans fatty acids in Wendy's food products.

B.  **A Concise Statement Of Each Party's Position As To The Basis Of This Court's Jurisdiction Of The Action, With Citations To All Statutes Relied Upon And Relevant Facts As To Citizenship And Jurisdictional Amount.**

Plaintiff contends that this Court's jurisdiction is based upon diversity pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), 1453, and 1711-1715. Plaintiff Adam Jernow is a citizen of New York and Defendant Wendy's is a citizen of Ohio. Based upon Wendy's most recent sales data, estimated damages exceed $5 million. *See* http://www.wendys-invest.com/fin/annual/2006/10k06-wen.pdf at pp. 12, 19.

Wendy's does not currently contend that Plaintiff has failed to adequately plead jurisdiction.

C.  **A Concise Statement Of All Material Uncontested Or Admitted Facts.**

Wendy's is a restaurant operating and franchising company. On June 8, 2006, Wendy's issued a Press Release announcing its switch to in store cooking oils containing 0 grams of trans fat. Wendy's revised some of its packaging to reflect the change to cooking oils containing 0 grams of trans fat. Wendy's also displays nutritional display posters in Wendy's restaurants. Among other nutrition information, the nutritional posters provide information regarding trans fat content of Wendy's food products. In November 2006, Consumer Reports published an article regarding the level of trans fats in French fries purchased at three Wendy's restaurants in Westchester County, N.Y. and the trans fats levels in the French fries sold by Burger King and McDonald's. The Consumer Reports article stated that testing performed by Consumer Reports indicated that the level of trans fats in Wendy's French fries was higher than represented by Wendy's.

**D.      A Concise Statement Of All Uncontested Legal Issues.**

The parties do not presently contest that this Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), 1453, and 1711-1715.

**E.      A Concise Statement Of All Legal Issues To Be Decided By The Court.**

The legal issues contested by the parties and requiring disposition by the Court are set forth in the briefing of Wendy's Motion to Dismiss the Amended Complaint, filed on July 16, 2007, that is currently pending. The parties respectfully incorporate those pleadings as if fully set forth herein. In addition, the parties dispute whether this lawsuit should be certified as a class action.

**F.      Each Party's Concise Statement Of Material Disputed Facts.**

The parties agree that the material facts in dispute include: whether Wendy's made any false, material misrepresentations regarding trans fats; the actual levels of trans fats in the foods alleged to have been purchased and consumed by Plaintiff and members of the proposed class; whether Plaintiff or any proposed class member suffered any injury as a result of their alleged purchase and alleged consumption of Wendy's French fries; whether the results of the Consumer Reports test and tests allegedly performed by plaintiff's counsel were accurate and properly conducted; and whether Wendy's charged a premium for its French fries and fried chicken products.

Wendy's contends that the facts in dispute also include whether ingestion of trans fats at the levels alleged in the Amended Complaint is harmful and whether the tests allegedly performed by Consumer Reports and Plaintiff's counsel adhered to the same protocols as Wendy's testing.

G.     **A Concise Statement By Each Plaintiff And Each Counterclaimant Of The Legal Basis Of Each Cause Of Action Asserted, Including Citations To All Statutes, Federal Rules Of Civil Procedure, Other Rules And Case Law Intended To Be Relied Upon By Such Plaintiff Or Counterclaimant.**

This is a proposed class action based upon alleged violation of New York's General Business Law § 349; breach of contract; and unjust enrichment. Plaintiff intends to move for class certification pursuant to Federal Civil Procedure Rules 23(b)(2) and (b)(3).

H.     **Each Party's Concise Statement Of The Legal Basis Of Each Defense Asserted Or Expected To Be Asserted By Such Party, Including Citations To All Statutes, Rules, And Other Applicable Regulatory And Judicial Authority Intended To Be Relied On By Such Party.**

Wendy's has moved to dismiss the Amended Complaint on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted. Because the motion to dismiss remains pending, Wendy's is not yet required to prepare and file an Answer and has not conducted any discovery. Wendy's, therefore, reserves the right to assert additional legal defenses after further investigation and discovery.

I.     **A Concise Statement Of The Measure Of Proof And On Whom The Burden Of Proof Falls As To Each Cause Of Action Or Defense.**

Each cause of action stated in the Complaint – violation of New York General Business Law § 349; breach of contract; and unjust enrichment – requires proof via a preponderance of the evidence. The burden of proof for each claim falls upon the Plaintiff.

J.     **Whether And To What Extent Amendments To Pleadings And/Or The Addition Or Substitution Of Parties Will Be Required, And Proposed Deadlines Therefore.**

The parties have agreed that January 25, 2008 is an appropriate deadline for amending the pleadings in this matter.

K.     **A Statement As To Whether All Parties Consent To Trial Of The Case By A Magistrate Judge (Without Identifying Which Parties Have Or Have Not So Consented).**

All parties do not consent to the trial of the case by a Magistrate Judge.

**L.     What, If Any, Changes Should Be Made In The Timing, Form, Or Requirements For Disclosures Under Fed. R. Civ. P. 26(a), Including A Statement As To When Any Disclosures Required Under Fed. R. Civ. P. 26(a)(1) Were Or Will Be Made.**

Wendy's, as evidenced by its request to postpone the initial pre-trial conference and associated tasks dated August 1, 2007, objects to making the initial disclosures mandated by Fed. R. Civ. P. 26(a) until the Court has resolved Wendy's pending motion to dismiss the amended complaint. Plaintiff has opposed this postponement as unnecessary delay.

The parties have agreed that the deadline for making the disclosures under Fed. R. Civ. P. 26(a) should be December 14, 2007, in the event the Court denies Wendy's request to postpone initial disclosures and discovery.

**M.     The Subjects On Which Disclosures May Be Needed And A Proposed Discovery Cut-Off Date.**

Wendy's, as evidenced by its request to postpone the initial pre-trial conference and associated tasks dated August 1, 2007, objects to discovery proceeding until the Court has resolved Wendy's pending motion to dismiss the amended complaint. Wendy's contends that the complexity and expense associated with class actions heighten the potential prejudice to Wendy's, in terms of cost and burden, of requiring it to proceed with the initial stages of discovery and case planning only to have the case dismissed in its entirety thereafter. Plaintiff opposes the stay of discovery requested by Defendant as unnecessary delay.

In the event that the Court determines that discovery should go forward while the dispositive motion is pending, the parties anticipate that discovery may be needed on, but not limited to, the following topics: class action/certification issues; Plaintiff's alleged purchases; Plaintiff's alleged injuries/damages; Wendy's testing methodology; Wendy's trans fat testing results; Wendy's advertising; and third-party discovery, including Wendy's French fry oil suppliers, Wendy's French fry suppliers, and Consumer Reports. If the Court denies Wendy's

request to postpone initial disclosures and discovery, the parties propose that the discovery cut-off date be August 19, 2008.

The parties propose a deadline of February 27, 2009, for the submission of pre-trial dispositive motions.

**N.    Whether And To What Extent Expert Evidence Will Be Required, And Proposed Deadlines For Expert Discovery.**

The parties anticipate expert evidence will be required in the litigation of this matter, particularly on the subjects of testing methodology, trans fatty acids, and economic issues implicated by the allegations of the Amended Complaint.

The parties propose the following schedule relating to expert discovery:

September 19, 2008 – Disclosure of Plaintiff's Expert(s) and Report(s).

October 17, 2008 – Disclosure of Wendy's Expert(s) and Report(s).

November 17, 2008 – Disclosure of Plaintiff's Rebuttal Expert(s) and Report(s).

Depositions of Experts to be completed on or before December 31, 2008.

**O.    What, If Any, Changes Should Be Made In The Limitations On Discovery Imposed Under The Federal Rules Of Civil Procedure Or The Local Rules Of Court, And What Other Limitations Should Be Imposed.**

The parties do not anticipate any need for changes in the discovery limitations imposed under the Federal Rules of Civil Procedure; however, should a need arise in the future, the parties have agreed to work together in good faith to avoid any disputes over limitations on discovery and to promptly submit to the Court any such disputes that cannot be so resolved.

**P.     The Status Of Settlement Discussions And The Prospects For Settlement Of The Action In Whole Or In Part, Provided That The Preliminary Pre-Trial Statement Shall Not Disclose To The Court Specific Settlement Offers Or Demands.**

The parties have engaged in preliminary discussions regarding settlement and agree that, at this point, settlement does not appear likely. The parties have discussed possible mediation and agree that it would not likely be meaningful at this early stage of the case. If the case is not dismissed, mediation is an option worth pursuing when the case is more fully developed.

**Q.     A Statement By Each Party As To Whether The Case Is To Be Tried With Or Without A Jury, And The Number Of Trial Days Expected To Be Needed For Presentation Of That Party's Case.**

   *1.     Plaintiff's Statement*

Plaintiff requests a trial by jury and, although reserving the right to re-visit this issue, anticipates a total of 10 trial days for the entire trial of this matter.

   *2.     Wendy's Statement*

Wendy's does not, at this time, object to Plaintiff's position on either of these issues, but reserves the right to object and offer alternative estimates as the case is developed further.

**R.     Any Other Orders That Should Be Entered By The Court Under Fed. R. Civ. P. 26(c) Or Fed. R. Civ. P. 16(b) And (c).**

The parties anticipate that discovery in this matter will involve proprietary information that should be protected by a confidentiality order. The parties are currently drafting a proposed confidentiality order that will be submitted soon for the Court's consideration and approval.

Dated: New York, New York
November 7, 2007

| | |
|---|---|
| **GUTRIDE SAFIER REESE LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| By: /s/ Michael R. Reese<br>   Michael R. Reese<br>   Kim E. Richman<br>230 Park Avenue, 10th Floor<br>New York, New York  10169<br>(212) 579-4625 (telephone)<br>(212) 253-4272  (facsimile) | By: /s/ Tom McLish<br>   Thomas P. McLish<br>   Cheryl A. Falvey<br>   Troy D. Cahill<br>1333 New Hampshire Avenue, NW<br>Washington, DC  20036<br>(202) 887-4000  (telephone)<br>(202) 887-4288  (facsimile) |
| **DREIER LLP**<br>Lee A. Weiss<br>Rebecca Tingey<br>499 Park Avenue<br>New York, New York 10022<br>(212) 652-3821 (telephone)<br>(212) 328-6101 (facsimile) | *Attorneys for Defendant Wendy's International, Inc.* |
| *Attorneys for Plaintiff Adam Jernow and the proposed class* | |