AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, D.C. 20036
(202) 872-4000
Cheryl A. Falvey (CA-2074)
Thomas P. McLish
Troy D. Cahill
*Attorneys for Defendant Wendy's International, Inc.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM JERNOW, on behalf of himself and
all others similarly situated,

                Plaintiffs,

    -against -

WENDY'S INTERNATIONAL, INC.,

                Defendant.

Case No. 07-Civ-3971 (LTS) (THK)

Hon. Laura Taylor Swain

Referred to Magistrate Judge Katz

**STIPULATED CONFIDENTIALITY ORDER**

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, during discovery proceeding in the above-captioned civil action, the Named Plaintiff, Adam Jernow, and the Defendant, Wendy's International, Inc., (collectively, "the Parties") recognize that the Parties may produce information and documents which contain confidential or proprietary information; and

WHEREAS, the Parties wish to protect any confidential or proprietary information contained in documents to be exchanged, and the Parties having consented thereto:

THE FOLLOWING IS AGREED by the Parties:

1

1.  This Order imposes restrictions upon who may receive information produced or disclosed by the Parties during the course of this litigation that is designated by any Party as "Confidential" (hereafter referred to as "Confidential Information").

2.  The designation "Confidential" shall be limited to information that a Party reasonably believes contains information of a confidential or proprietary nature or should otherwise be subject to confidential treatment, as set forth in this Confidentiality Order.

3.  To designate information "Confidential," the designating Party must so label or mark it with an appropriate legend or in the case of a deposition transcript, designate it as provided in paragraph 8.

4.  Any document or information produced by a Party that is designated and stamped "Confidential" shall be treated as provided in this Order, unless ordered otherwise by the Court.

5.  The Confidential Information produced subject to this Confidentiality Order shall be used solely for the purposes of this action and the actions of *Yoo v. Wendy's International, Inc.*, no. 07-CV-4515 (FMC) (JCx) (C.D. Cal.) ("*Yoo* action") and *Fitch v. Wendy's International, Inc.*, no. 8:07-cv-02148-JDW-MSS (M.D. Fla.) ("*Fitch* action) and not for any other purpose whatsoever. The Parties may amend this provision through written agreement signed by counsel for the Parties to include more actions in the future.

6.  Confidential Information may only be disclosed to:

    (a)   The Parties;

    (b)   Outside and in-house counsel for the Parties charged with the responsibility for and actively engaged in the preparation of this litigation, the *Yoo* action or the *Fitch* action;

(c) Office personnel working under the direct supervision of counsel;

(d) Outside experts or consultants retained for purposes of this litigation, the *Yoo* action or the *Fitch* action, provided that no disclosure shall occur until each such expert or consultant has agreed to be bound by the terms of this Confidentiality Order and has so indicated by executing an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the Party that retained the consultant or expert;

(e) The Court, court officials or other court employees (including court reporters) in this litigation, the *Yoo* action or the *Fitch* action;

(f) Independent copying services and other independent litigation support services retained for purposes of this litigation, the *Yoo* action or the *Fitch* action, provided that no disclosure shall occur until any such service agrees to be bound by the terms of this Confidentiality Order, and has so indicated by executing an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the Party retaining the services; and

(g) The named plaintiffs in the *Yoo* or *Fitch* actions, provided that no disclosure shall occur unless and until a confidentiality order substantially similar to this Stipulated Confidentiality Order is entered in those actions.

7. Subject to the following restrictions, a Party may utilize Confidential Information in the course of examining a witness during a deposition:

(a) During the deposition of any expert retained to testify on behalf of a Party in this litigation, the *Yoo* action or the *Fitch* action, the Party conducting

the deposition may utilize Confidential Information, provided that the witness, prior to the utilization of such information, executes an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel conducting the deposition.

(b) During the deposition of any non-expert witness, the Party conducting the deposition may only utilize Confidential Information provided by (i) itself, (ii) the witness, or (iii) the witness' employer. A Party's use of its own Confidential Information during a deposition shall not standing alone constitute a waiver of the confidentiality of that information.

8. When testimony is to be elicited during a deposition that is, or is likely to be, Confidential Information, persons not entitled to receive such information under the terms of this Confidentiality Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than thirty (30) days following receipt of the transcript from the reporter. Prior to such written designations, the entire deposition transcript shall be considered to have been designated as Confidential Information. Following the written designation, those portions of the deposition transcript containing Confidential Information shall be bound separately from those portions that do not contain Confidential Information and shall be marked with the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH
> ARE CLAIMED TO BE CONFIDENTIAL BY COUNSEL
> AND COVERED BY A STIPULATED
> CONFIDENTIALITY ORDER – TO BE FILED WITH
> THE COURT UNDER SEAL.

Each court reporter participating in any such deposition shall agree to be bound by the terms of this Confidentiality Order and shall so indicate by executing an undertaking in the form of Exhibit A.

9.  If any Party disputes whether a document or information is properly designated as Confidential Information, the Parties agree to attempt to resolve such dispute among themselves. The Party who disputes the designation shall provide its reason(s) in writing to the producing Party within thirty (30) days of receiving the document or information. The producing Party shall then respond in writing with its reason(s) for its designation. The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences. In the event the Parties are not able to resolve the dispute, the Party who disputes the confidentiality designation shall file a motion with the Court to resolve the dispute. The Party designating the material as Confidential shall bear the burden to demonstrate that the designation of materials as Confidential was proper.

10. Other than as specifically provided for in this Confidentiality Order, this Confidentiality Order does not affect any legal right or privilege related to the documents and information subject to this Confidentiality Order. Nothing in this Confidentiality Order shall be construed as a waiver by any Party of the right to object to the subject matter of any request for discovery in this action, the *Yoo* action or the *Fitch* action. The execution of this Confidentiality Order shall not be construed as an agreement by any Party to produce any documents or provide any information, and shall not constitute an admission by any Party that any document or information which may exist is relevant in any way to the issues raised in this action, the *Yoo* action or the *Fitch* action; nor shall the

execution of this Agreement be construed as a waiver by any Party of any privilege or immunity with respect to any document or information.

11.    When Confidential Information is contained in a filing, document, exhibit or deposition testimony that is ultimately filed with this Court, it shall be labeled "Confidential" whereby it shall then be maintained under seal by the Clerk of this Court. Such filings, documents, exhibits or transcripts of testimony shall be filed in sealed envelopes which will be endorsed with the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS FILINGS, DOCUMENTS, EXHIBITS AND/OR TESTIMONY WHICH HAVE BEEN FILED BY [NAME OF PARTY] AND DESIGNATED BY [NAME OF PARTY] AS CONFIDENTIAL AND SUBJECT TO THE TERMS OF A CONFIDENTIALITY ORDER OF THIS COURT. THIS ENVELOPE MAY NOT TO BE OPENED AND ITS CONTENTS MAY NOT BE DISPLAYED OR REVEALED, EXCEPT BY ORDER OF THIS COURT.

12.    All materials designated "Confidential" received by a Party shall be retained at the offices and under the direct control of the Party's counsel (except for those materials disclosed to outside experts or consultants, or to Defendant's in-house experts, as provided by this Confidentiality Order), who shall use their best efforts to prevent disclosure thereof, except in strict accordance with the terms of this Confidentiality Order.

13.    A Party's inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of any Party's or any non-party's claim of

confidentiality as to the specific information disclosed or as to other information relating to the same subject matter.

14.     In the event that information protected by the attorney-client privilege, the work product doctrine, or any other ground for preserving the confidentiality of information is inadvertently disclosed, the Party claiming the privilege or protection shall notify any Party who received the information of the claim of privilege or protection and the basis for it. Upon receiving notification, the receiving Party shall immediately return, destroy, or sequester the information, and make reasonable efforts to retrieve any such information disclosed to any third-party prior to notification. The receiving Party shall not review, use, or disclose the information, unless the claim of privilege or protection is either withdrawn by the producing Party or ordered withdrawn by the Court.

15.     Unless otherwise agreed by the Parties, within ninety (90) days of the final determination of this action, the *Yoo* action or the *Fitch* action (whichever is latest), each Party shall return all copies of all Confidential Information materials in its possession or control to the producing Party. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Confidential Material instead of returning it. Upon request, the Receiving Party shall confirm in writing to the Designating Party that such destruction has been completed. For purposes of this Confidentiality Order, the "final determination of an action" shall be deemed to be the latter of (a) full settlement of all claims, final judgment herein, or the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action, or (b) the expiration of all time limits under the Federal Rules of Civil Procedure for the filing of or applications for all appeals, rehearings, remands, trials or reviews of this

action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

16. Notwithstanding the prior provision, counsel to the Parties are entitled to retain a single archival copy of all documents filed with the Court, even if such materials contain Confidential Materials. All documents retained by counsel shall continue to be subject to this Confidentiality Order after the termination of this action, the *Yoo* action, and the *Fitch* action.

17. Nothing in this Confidentiality Order shall prevent or restrict a Party, its agents, or its employees from using its own documents and its own Confidential Information in its sole and complete discretion.

18. Any Party or person receiving Confidential Information covered by this Order that receives a request or subpoena for production or disclosure of the Confidential Information shall immediately give written notice to the Party who designated the information as Confidential Information ("the Designating Party") and to its counsel, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the Designating Party unless: (a) the Designating Party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the Designating Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

19. This Confidentiality Order shall not prevent a Party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders. *Nor shall the Court be precluded from modifying the Order as deemed appropriate.*

T.K.

20. By their signatures hereto, counsel for the Parties hereby affirm that they have been authorized by their clients to enter into this Confidentiality Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

Dated: January 23, 2008
New York, New York

| GUTRIDE SAFIER REESE LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
|---|---|
| By: /s/ Michael R. Reese /TDC<br>Michael R. Reese (MR 3183)<br>Kim E. Richman (KR-9774)<br>230 Park Avenue, 10th Floor<br>New York, New York 10169<br>(212) 579-4625 (telephone)<br>(212) 253 4272 (facsimile)<br>*Attorneys for Plaintiff Adam Jernow and the proposed class* | By: /s/ Cheryl A. Falvey /TDC<br>Cheryl A. Falvey (CA 2074)<br>Thomas P. McLish<br>Troy D. Cahill<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036<br>(202) 887-4000 (telephone)<br>(202) 887-4288 (facsimile)<br>*Attorneys for Defendant Wendy's International, Inc.* |

1/23/08

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
U.S.M.J.

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JERNOW, on behalf of himself and all others similarly situated,<br><br>           Plaintiffs,<br><br>  -against -<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>           Defendant. | Case No. 07-Civ-3971 (LTS) (THK)<br><br>Hon. Laura Taylor Swain<br><br>**STIPULATED<br>CONFIDENTIALITY ORDER** |

## ACKNOWLEDGEMENT OF REVIEW OF STIPULATED CONFIDENTIALITY ORDER

The undersigned acknowledges that (s)he has received a copy of the Stipulated Confidentiality Order in this action signed by Judge _____. The undersigned acknowledges that (s)he has carefully read and understands the provisions of the Stipulated Confidentiality Order and will comply with all of the provisions of the Stipulated Confidentiality Order.

**Name:** _____

**Signature:** _____

**Date:** _____