AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, D.C. 20036
(202) 887-4000
Cheryl A. Falvey (CA 2074)
Thomas P. McLish
Troy D. Cahill
*Attorneys for Defendant Wendy's International, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JERNOW and LEAH McLAWRENCE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against -<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 07-CV-3971 (LTS) (THK)<br><br>Hon. Laura Taylor Swain<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT** |

Defendant Wendy's International, Inc. ("Wendy's"), by its undersigned counsel, state the following for its Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiffs Adam Jernow and Leah McLawrence, on behalf of themselves and all others similarly situated ("Plaintiffs").

1

**SUMMARY AND OVERVIEW**

The preamble to the numbered paragraphs of the Second Amended Complaint contains statements to which no response is necessary. To the extent a response is necessary, these allegations are denied.

**NATURE OF THE ACTION**

1. The first sentence of paragraph 1 of the Second Amended Complaint is Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies the remaining allegations set forth in this paragraph.

2. Defendant denies the allegations set forth in the first sentence of paragraph 2 of the Second Amended Complaint. Defendant lacks sufficient knowledge to admit or deny the truth of the remaining allegations set forth in this paragraph, except admits that New York City has enacted restrictions upon the sale of food products containing trans fats, the relevant provisions of which do not go into effect until later this year. Defendant denies that it has violated any alleged "ban" upon the sale of foods containing trans fat.

3. Defendant denies the allegations set forth in paragraph 3 of the Second Amended Complaint, except admits that it issued a press release on or about June 8, 2006 regarding a transition to a non-hydrogenated cooking oil that would significantly reduce trans fatty acids in Wendy's French fries and breaded chicken products, admits that the public announcement stated that the trans fat level in "Kids' Size" French fries after the transition was complete would be zero grams, and that the level in other identified fried food products would be 0.5 grams or less. Defendant further avers that the June 8, 2006 press release speaks for itself. Defendant further avers that the June 8, 2006 press release

stated, among other things, that "the Company is working directly with its French fry suppliers to further reduce trans fats that occur as part of the par frying process at their facilities, with a goal of zero grams" and that trans fatty acids "naturally occur in beef and dairy products." Defendant further avers that the press release expressly cautioned that it contained forward-looking statements and that factors "could affect the Company's actual results and cause such results to differ materially from those expressed in forward-looking statements."

    4.    Defendant denies the allegations set forth in paragraph 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

    5.    Paragraph 5 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that it does not presently possess information that this Court lacks jurisdiction over Plaintiffs' claims.

    6.    The first sentence of Paragraph 6 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that it does not presently possess information that this Court is an improper venue for Plaintiffs' claims. Defendant denies the allegations contained in the second sentence of this paragraph. Defendant admits the allegations contained in the third sentence of this paragraph.

## PARTIES

7. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in the first sentence of paragraph 7 of the Second Amended Complaint. Defendant denies the remaining allegations in this paragraph.

8. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in the first sentence of paragraph 8 of the Second Amended Complaint. Defendant denies the remaining allegations in this paragraph.

9. Paragraph 9 of the Second Amended Complaint states Plaintiffs' characterization of the parties and no response is required. To the extent a response is required, the allegation is denied.

10. Defendant denies the allegations contained in paragraph 10 of the Second Amended Complaint, except admits that Wendy's is a restaurant operating and franchising company, that it operates or franchises more than 6000 Wendy's restaurants in the United States and Canada, and that it reported sales in 2006 of approximately $2 billion.

## SUBSTANTIVE ALLEGATIONS

11. Defendant denies the allegations set forth in the first sentence of paragraph 11 of the Second Amended Complaint. Defendant lacks sufficient knowledge to admit or deny the truth of the remaining allegations set forth in this paragraph. Defendant avers that the cited document speaks for itself.

12. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in paragraph 12 of the Second Amended Complaint. Defendant avers that the cited document speaks for itself.

13. Defendant admits the allegations set forth in the second sentence of paragraph 13 of the Second Amended Complaint. Defendant denies the allegations set forth in the remainder of this paragraph, except admits that Wendy's is one of the larger restaurant operating and franchising companies in the world; that its website describes Wendy's as providing fresh, quality food; and that Wendy's introduced an advertising campaign in 2005 entitled "Do What Tastes Right."

14. Defendant denies the allegations set forth in the first sentence of paragraph 14 of the Second Amended Complaint. Defendant lacks sufficient knowledge to admit or deny the truth of the remaining allegations set forth in this paragraph. Defendant further avers that the cited article speaks for itself.

15. Defendant denies the allegations set forth in paragraph 15 of the Second Amended Complaint, except admits that it issued a press release on or about June 8, 2006 regarding a transition to a non-hydrogenated cooking oil that would significantly reduce trans fatty acids in Wendy's French fries and breaded chicken products. Defendant further avers that the June 8, 2006 press release speaks for itself. Defendant further avers that the June 8, 2006 press release stated, among other things, that "the Company is working directly with its French fry suppliers to further reduce trans fats that occur as part of the par frying process at their facilities, with a goal of zero grams" and that trans fatty acids "naturally occur in beef and dairy products." Defendant further avers that the press release expressly cautioned that it contained forward-looking statements and that factors "could affect the Company's actual results and cause such results to differ materially from those expressed in forward-looking statements."

16.     Defendant denies the allegations set forth in paragraph 16 of the Second Amended Complaint, except admits that, in the spring of 2007, it changed some of its packaging to state that Wendy's cooking oil has zero grams trans fat.

17.     Defendant denies the allegations set forth in the first sentence of paragraph 17 of the Second Amended Complaint, except admits that Defendant directs its stores to include a nutritional information display in its stores, that the display effective as of August 2006 stated that the trans fat level in "Kids' Size" French fries and in fried chicken products was zero grams. Defendant further avers that the nutritional information displays contained 16 other pieces of information about each menu item (including calories, total fat, saturated fat, cholesterol, sodium, total carbohydrates, fiber, sugars, protein, and various allergens), and also stated prominently in a highlighted box that:

> The nutrition information contained on this poster is based on standard U.S. product formulations. ***Variations may occur*** due to the differences in suppliers, ingredient substitutions, recipe revisions, product assembly at the restaurant, and/or the season of the year. Certain menu items may vary from store to store and may not be available at all locations. Test products are not included. Wendy's calculations follow the federal regulations regarding the rounding of nutritional data. This information is effective as of August 2006.

(Emphasis added). Defendant further avers that the nutritional information displays speak for themselves. Defendant denies the allegations contained in the last sentence of this paragraph.

18.     Defendant denies the allegations set forth in the first sentence of paragraph 18 of the Second Amended Complaint, except admits that Consumer Reports published a brief item in the November 2006 issue of its magazine that discusses, among other things,

6

the purported level of trans fat in French fries allegedly purchased at three Wendy's stores in Westchester County, New York. Defendant further avers that the Consumer Reports item contained the following language, which Plaintiffs omits:

> The good news for Wendy's lovers is that the large fries we tested contained significantly less trans fat than the 7 grams they had before the announced cooking-oil change. And Wendy's fries contain less than half as much trans fat as large fries from Burger King or McDonald's, which each had about 6 grams of trans fat in our tests. Wendy's fries also had a better overall fat profile, with slightly less saturated fat than Burger King's or McDonald's.

Defendant further avers that the Consumer Reports item also stated that nutrition experts recommend limiting combined intake of trans and saturated fat to no more than 20 grams per day. Defendant further avers that the Consumer Reports item speaks for itself.

19.     Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in the first sentence of paragraph 19 of the Second Amended Complaint. Defendant denies the remaining allegations contained in this paragraph.

## CLASS ALLEGATIONS

20.     Defendant admits that plaintiffs purport to bring this action as a class action on behalf of themselves and the proposed class described in paragraph 20 of the Second Amended Complaint. Defendant denies that any and all claims set forth in the Second Amended Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21.     Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in paragraph 21 of the Second Amended Complaint. Defendant denies that this action is properly maintainable as a class action or collective action, and

therefore denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

22.	Defendant denies the allegations contained in paragraph 22 of the Second Amended Complaint that there is a well-defined community of interest in the questions of law and fact in this case and that questions of law and fact common to the members of the proposed class predominate over questions which may affect individual members of the proposed class, and therefore denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

23.	Defendant denies that Plaintiffs' claims are sufficiently common or typical of the proposed class, and therefore denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

24.	Defendant lacks sufficient knowledge to admit or deny the truth of the allegations set forth in the last sentence of paragraph 24 of the Second Amended Complaint.  Defendant further denies that Plaintiffs can fairly and adequately represent the proposed class and also denies that Plaintiffs' counsel can fairly and adequately protect the interests of the proposed class, and therefore denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

25.	Defendant denies the allegations contained in Paragraph 25 of the Second Amended Complaint and denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

26.	Defendant denies that it has acted or refused to act on grounds generally applicable to the proposed class, and denies the allegations contained in paragraph 26 of

the Second Amended Complaint. Defendant denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23(b)(2).

27. The statements in paragraph 27 of the Second Amended Complaint are Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant further denies that the class as defined by Plaintiffs is appropriate and denies this case is appropriate to be certified or maintained as a class action under Federal Rule of Civil Procedure 23.

28. Defendant denies that it has acted or refused to act on grounds generally applicable to the proposed class, and denies the allegations contained in paragraph 28 of the Second Amended Complaint. Defendant denies that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23.

## COUNT I
## (DECEPTIVE SALES PRACTICES – N.Y. Gen. Bus. § 349)

29. Paragraph 29 of the Second Amended Complaint incorporates by reference paragraphs 1 through 28, and Defendant therefore incorporates its response to paragraphs 1 through 28 as though fully set forth herein.

30. Defendant denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Second Amended Complaint, except admits that the June 8, 2006 press release stated that its "latest steps enhance the nutritional profile of our food," and referenced the 2005 Dietary Guidelines for Americans recommendations regarding the consumption of fats.

32. Defendant denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

## COUNT II
### (BREACH OF IMPLIED IN FACT CONTRACT)

34. Paragraph 34 of the Second Amended Complaint incorporates by reference paragraphs 1 through 33, and Defendant therefore incorporates its response to paragraphs 1 through 33 as though fully set forth herein.

35. Defendant denies the allegations set forth in paragraph 35 of the Second Amended Complaint, except admits that Wendy's issued a press release on or about August 24, 2006 announcing its transition to in-store cooking oil with zero grams trans fat. Defendant further avers that the press release speaks for itself. Defendant further avers that the press release stated that "the Company is working directly with its French fry suppliers to further reduce trans fats that occur as part of the par frying process at their facilities, with a goal of zero grams."

36. Defendant denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Second Amended Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Second Amended Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Second Amended Complaint, except Defendant lacks sufficient knowledge to admit or deny the

truth of the allegations set forth regarding plaintiffs' or others' legal capacity to enter into agreements.

40. Defendant denies the allegations set forth in paragraph 40 of the Second Amended Complaint.

## COUNT III
## (UNJUST ENRICHMENT)

41. Paragraph 41 of the Second Amended Complaint incorporates by reference paragraphs 1 through 40, and Defendant therefore incorporates its response to paragraphs 1 through 40 as though fully set forth herein.

42. Defendant denies the allegations set forth in paragraph 42 of the Second Amended Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

Defendant denies all allegations not specifically admitted above.

## PRAYER FOR RELIEF

Defendant denies all allegations in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' breach of contract claim is barred by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

Neither Plaintiffs nor any of the proposed class members have suffered any legally cognizable injury.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the purported class' damages claims are barred, in whole or in part, by the duty to mitigate alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Any damages alleged in the Second Amended Complaint were not proximately caused by any action or inaction by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the purported class' claims are barred by equity, including the doctrines of laches, estoppel or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the purported class' claims are barred in whole or in part because Defendant disclaimed that its products contained the level trans fats that Plaintiffs claim that Defendant promised.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and had no knowledge, or was not reckless or negligent in not knowing, that any alleged misrepresentation and/or omission was false or misleading when made.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and the purported class' request for equitable and/or injunctive relief should be denied because they have an adequate remedy at law. Damages will adequately compensate Plaintiffs and the purported class for the harm alleged, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the purported class cannot satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant objects to certification of the putative class because class certification would be manifestly unjust to Defendant under the facts of this case. Class certification would constitute a denial of due process because it would not require individual class members to establish each element of their claims and would prevent Defendant from asserting defenses against individual class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the purported class' claims are barred, in whole or in part, because Plaintiffs are not proper class representatives.

### FOURTEENTH AFFIRMATIVE DEFENSE

The definition of the proposed class is over broad and/or flawed.

Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

WHEREFORE, having answered fully, Defendant Wendy's International, Inc. requests that judgment be entered in its favor, that the Plaintiffs' Second Amended

Complaint be dismissed with prejudice, that Defendant recovers its costs, and that the Court grant other such relief as it deems proper.

**RESPECTFULLY SUBMITTED** this 4th day of February, 2008.

By:    /s/
AKIN GUMP STRAUSS HAUER & FELD LLP
Cheryl A. Falvey (CA 2074)
Thomas P. McLish
Troy D. Cahill
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)

*Attorneys for Defendant Wendy's International, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to the Second Amended Complaint to be served this 4th day of February, 2008, by ECF notification to the following persons:

Michael R. Reese
Kim E. Richman
Gutride Safier Reese LLP
230 Park Avenue, 10th Floor
New York, NY 10169

Seth A. Safier
Gutride Safier Reese LLP
835 Douglas Street
San Francisco, CA 94114

Lee A. Weis
Rebecca Tingey
Dreier LLP
499 Park Avenue
New York, NY 10022

COUNSEL FOR PLAINTIFFS

                                /s/
                            Cheryl A. Falvey